IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF KANSAS

Brenda G. Edlin, et al

_____

(Enter above the full name of the Plaintiff(s))

vs.

USA et al
Name
Will McClanany
Street and number
Dr. Simiak Haga
City    State    Zip Code

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

**DEC 07 2009**

TIMOTHY M. O'BRIEN, Clerk
By _mkmat_ Deputy

Case Number: 09-2633-JAR-DJW

## CIVIL COMPLAINT

I.  Parties to this civil action:

    (In item A below, place your name in the first blank and place your present address in the
    second blank. Do the same for additional plaintiffs, if any, on the back side of this sheet).

    A.  Name of plaintiff  Brenda G. Edlin

        Address  PO B 2177
                 Platte City Mo 64079

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

    B.    Defendant __USA__ is

        employed at _____

    C.    Additional Defendants __Will McClanny__

II.    Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

    A.    (If Applicable) Diversity of citizenship and amount:

        1.    Plaintiff is a citizen of the State of __MO__.

        2.    The first-named defendant above is either

            a.    a citizen of the State of _____; or __federal agency__

            b.    a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

        3.    The second-named defendant above is either

            a.    a citizen of the State of _____; or

            b.    a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

(If there are more than two defendants, set forth the foregoing information for

each additional defendant on a separate page and attach it to this complaint.)

Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B. (If applicable) Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

✓ 1. This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article____, Section____; Statute, US Code, Title____, Section____.

✓ 2. This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

✓ 3. Other grounds (specify and state any statute which gives rise to such grounds):

Wrongful death
Personal injury
Property damage

III. Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

Pleading attached

3

IV.  Relief:

(State briefly exactly what judgement or relief you want from the Court. Do not make legal arguments.)

_Pleading + SF95 Tort claim attached_

V.  Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?   Yes [✓]   No [ ]

VI.  Do you claim actual damages for the acts alleged in your complaint?   Yes [✓]   No [ ]

VII.  Do you claim punitive monetary damages?   Yes [✓]   No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

_Set out in SF95 Tort Claims attached_

4

VIII. Administrative Procedures:

   A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency? Yes [✓] No [ ]

   B. If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

   6-7-07 SF 95 Tort VA Regional Counsel - denied Reconsideration Gen Counsel DC denied Dec 9 deadline to file Fed Ct to pursue claims

   C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

IX. Related Litigation:

   Please mark the statement that pertains to this case:

   *na*     This cause, or a substantially equivalent complaint, was previously filed in this court as case number _____ and assigned to the Honorable Judge _____.

   *na*     Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding.

   _____
   Signature of Plaintiff

   Brenda Ellis
   Name (Print or Type)

_P O Box 2177_
Address

_Platte City MO 64079_
City      State     Zip Code

_816-721-0655_
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita,  **Kansas City**  or  Topeka ), Kansas as the location for the trial in this matter.
(circle one location)

_Brenda Eller_
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( **yes** or no ).
(circle one)

_Brenda Eller_
Signature of Plaintiff

Dated: _12/7/09_
(Rev. 8/07)

6

IN THE UNITED STATES FEDERAL COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENDA G EDLIN, as representative of the wrongful death and as personal representative of the Estate of Aaron W. "Pete" Edlin, Jr. and individually )<br>)<br>).<br>)<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>Et al, )<br>Admin. Tort Claim GCL-657S-57539 )<br>Dr. Simiak Hagh )<br>Defendants. ) | Case No. _____ |

## **COMPLAINT**

## **FEDERAL TORT CLAIMS ACT**

### COUNT I : Negligence, Wrongful Acts and/or Omissions, Wrongful Death

**COMES NOW,** Plaintiff, Brenda G. Edlin (hereinafter referred to as "Edlin"), Pro Se, and for her claims against United States of America (hereinafter referred to as "US"), alleges and states to the Court as follows:

1. Plaintiff Edlin as the surviving spouse is the personal representative of the estate of Aaron W. "Pete" Edlin, Jr. (hereinafter referred to as "decedent").

2. Plaintiff Edlin currently resides in the State of Missouri, however, the acts and omission complained of occurred within the State of Kansas at a military installation.

3. The Veterans Administration is an agency of the US that operates a hospital for the care and treatment of eligible veterans of the armed forces of the United States located in Leavenworth, Kansas, namely the Eastern Kansas Health Care System (hereinafter referred to as the "VA Hospital"). Defendant, in operating the hospital, holds itself out to military personnel and their dependents to use that degree of care, skill, diligence and attention used by hospitals generally in the community in the care and treatment of patients. The hospitals operated by Defendant has in its employ various health care personnel including, but not limited to doctors, nurses, interns, residents, student nurses, nurses' aids, physician assistants, social workers, secretaries and clerks over whom it exercises exclusive control and supervision, with a right to employ and discharge such employees.

4. This is an action arising under the Federal Tort Claims Act and other applicable federal law for all damages recoverable and cognizable by the estate of decedent, suffered by decedent to include, but not be limited to personal injury, pain, suffering, mental anguish, disability, death, medical and other expenses and other damages to decedent as a result of the gross negligence and malpractice at the VA Hospital in Leavenworth, Kansas.

5. The estate of decedent's executor is legally entitled to bring this action.

6. The United States of America §1346(b) in that the damages claimed by Plaintiff were caused by the negligent and wrongful acts or omissions of Defendant's employees while acting in the scope of their employment,

       under circumstances where the United States of America, if a private person, would be liable to Plaintiff, under Kansas law.

7. At all times referred to herein, there existed between the Defendant and its health care provides and decedent, a physician/healthcare provider patient relationship.

8. Plaintiff Edlin previously timely filed a Federal Tort Claims Act administrative claim with the appropriate federal agency pursuant to 28 USC §2675. By letter dated June 09, 2009

### COUNT II: Allegations Common to all Counts

COMES NOW Plaintiff Edlin, Pro se, and for Count II of her cause of action against Defendant states to the Court as follows:

9. Decedent was admitted to the VA Hospital for the first time on June 3, 2006. From June 3, 2006, until his death, decedent was admitted several times to the care of the VA Hospital.

10. Plaintiff Edlin states that the omissions, negligence, wrongful acts and all other allegations contained in this Complaint, were an on-going process and the result of multiple acts committed over a period of time.

11. Dr. Simiak Hagh diagnosed decedent with having recurring Lung Cancer and Esophageal Cancer, further recommending decedent endure tortuous rounds of chemotherapy.

12. Dr. Hagh refused decedents repeated requests for assistance, secondary opinions and "help".

13. Evidence was offered that Dr. Hagh prescribed drugs to cause decedent anxiety, panic attacks and "flashbacks" triggering a post traumatic stress disorder.

## COUNT III: Failure to Diagnose and Treat

COMES NOW Plaintiff Edlin, Pro Se, and for Count III of her cause of action against Defendant, states to the Court as follows:

14. Defendant and its employees, health care providers, and other employees and agents of Defendant in so treating decedent deviated from standard approved practice by failing to correctly diagnose and document decedent's true condition.

15. As a direct and proximate result of the negligence, carelessness and medical malpractice of the Defendant's employees, decedent died while in the care of the VA Hospital.

16. Plaintiff Edlin seeks recovery of the damages for pecuniary losses suffered of which Plaintiff Edlin has been deprived by reason of the death of decedent.

## COUNT IV: Lost Chance of Recovery or Survival

COMES NOW Plaintiff Edlin, Pro Se, and for Count IV alternative claim of her cause of action against Defendant, states to the Court as follows:

17. In the alternative, the negligence of the Defendant's agents did not cause decedent's death.

18. Decedent had a statistically significant chance of recovery and/or survival, and as a direct and proximate result of the above-described negligence of the Defendant and its agents, decedent lost that chance of recovery and/or survival.

19. As a direct and proximate result of the negligence of Defendant, decedent suffered the following injuries prior to his death:

    a. Pain and suffering he would not otherwise experienced;

    b. Emotional distress and mental anguish he would not otherwise have experienced;

    c. Expenses for healthcare goods and services he would not have otherwise incurred; and

    d. Other injuries the nature and extent of which are not presently known to Plaintiff Edlin.

### COUNT V: Violations of HIPPA

COMES NOW Plaintiff Edlin, Pro Se, and for Count V of her cause of action against Defendant, states to the Court as follows:

20. Decedents rights were violated when his medical records were sent to KU Medical Center in that notes regarding alleged cognitive limitations regarding Plaintiff Edlin and family issues were included. Further, personal health information and personal information to include financial information was included despite the direct request of decedent that they not be sent.

### COUNT VI: Invasion of Privacy

COMES NOW Plaintiff Edlin, Pro Se, and for Count VI of her cause of action against Defendant, states to the Court as follows:

21. Decedent and Plaintiff Edlin's personal health and financial information was divulged to outside parties despite the request they not be released to any parties.

## COUNT VII:  Failure to Adhere to Title 38 § 14-700 to include §14.500 through §14.810

COMES NOW Plaintiff Edlin, Pro Se, and for Count VII of her cause of action against Defendant, states to the Court as follows:

22. At all times mentioned herein, Defendant failed to follow the statutory guidelines to protect the decedent as set forth in Title 38 §14-700 to include §14.500 through§ 14.810.

23. At all times mentioned herein, Defendant failed to follow the statutory guidelines to protect Plaintiff Edlin as set forth in Title 38 §14-700 to include §14.500 through § 14.810.

## COUNT VIII:  RICO Violations

COMES NOW Plaintiff Edlin, Pro Se, and for Count VIII of her cause of action against Defendant, states to the Court as follows:

24.. At all times mentioned herein, Defendant showed a pattern and practice of violations as specifically set out in the government guidelines illustrating RICO violations.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of $10,000,000.00, for costs of this action, for interest thereon as provided by law and for such other and further relief as this Court may deem just and proper

*[signature: Brenda G. Edlin]*
Brenda G. Edlin, Pro Se
Post Office Box 2177
Platte City, MO  64079
PH:  816-721-0655



**DEPARTMENT OF VETERANS AFFAIRS**
Office of the General Counsel
Washington DC 20420

JUN - 9 2009

In Reply Refer To:
021:MTB:12001

**CERTIFIED MAIL**

Mrs. Brenda Edlin
P.O. Box 2177
Platte City, MO 64079

Subject: Administrative Tort Claims – Request for Reconsideration

Dear Mrs. Edlin:

This is in reference to the administrative tort claims you filed with our Regional Counsel Office in St. Louis, Missouri, including a claim alleging substandard medical treatment of Aaron Edlin at the Leavenworth Department of Veterans Affairs Medical Center (VAMC). We have now completed our reconsideration of the claims, and we hereby advise you that the claims are again denied.

Our review revealed no evidence of a negligent or wrongful act on the part of any employee of the VA acting within the scope of his or her employment that caused an injury or Mr. Edlin's death.

This denial is the last action we will take on these tort claims. If you wish to pursue your claims further, you may file suit in Federal district court within 6 months from the date at the top of this letter. 28 U.S.C. § 2401(b). If you file suit, you should name the United States as the defendant, not VA or any other Department or Agency.

If you choose to file suit, you should be aware that you will need to have an expert medical witness to establish that VA's treatment of Mr. Edlin did not conform to the standard of care. Your own assessment of whether the standard of care was met is not sufficient.

In your recent communications, you have indicated that you plan to file additional tort claims, including claims against our Regional Counsel in St. Louis and the Regional Office of the Veterans Benefits Administration. You should file your claim regarding the Regional Counsel with us at 810 Vermont Ave., N.W., Washington, D.C. 20420. Other claims should be directed to the Regional Counsel.

Sincerely yours,

Kathryn Simpson

for
E. Douglas Bradshaw, Jr.
Assistant General Counsel



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF REGIONAL COUNSEL
1 JEFFERSON BARRACKS DRIVE, BLDG. NO. 25
ST. LOUIS, MISSOURI 63125-4185
Telephone (314) 845-5050
Telefacsimile (314) 845-5057

June 23, 2008

**CERTIFIED MAIL / RETURN RECEIPT REQUESTED**

Brenda G. Edlin
P.O. Box 2177
Platte City, Missouri 64079

Re:         Administrative Tort Claim
Our File #: GCL-657S-57539

Dear Mrs. Edlin:

We have completed our investigation of the Administrative Tort Claim initially received in this office on January 28, 2008, for the total amount of $20,000,000 alleging negligent and wrongful actions by VA employee Dr. Simiak Hagh resulting in pain and suffering (a copy of your claim is attached for reference).

Much of your correspondence raises claims of intentional criminal activity. Action under the criminal statutes is beyond the jurisdiction of this office. We have on several occasions, referred you to the VA Office of Inspector General (VAOIG), which has responsibility for investigating claims of criminal activity, and we understand that you have contacted that office. Once again, I must emphasize the allegations of criminal activity must be pursued through the VAOIG or federal or state law enforcement agencies.

We have carefully reviewed the VA medical records and the information that you have provided over the course of the time we have had the claim. Throughout the process of our review, we have regularly received information from you that you wished to be considered. We have considered the information that you provided and given it appropriate weight in our review. We requested a review be conducted by an out-of-state board-certified physician, independent of the Leavenworth VAMC, to evaluate the medical care provided by VA employees. That review yielded no evidence of negligent or wrongful acts on the part of the VA employees acting in the scope of their employment.

The information of record, including the information that you provided outside of the VA medical record, does not support a conclusion of negligent or wrongful acts on the part of any VA employee as alleged in your claim. Consequently, I am compelled to deny the claim submitted under the provisions of the Federal Tort Claims Act.

Brenda G. Edlin
Administrative Tort Claim
GCL-657S-57539
Page 2

This denial of the Federal Tort Claims Act administrative claim constitutes the final action on the claim by this office. Further action on the Federal Tort Claims Act claim may be pursued as detailed below, and not directed to this office. This action on the Federal Tort Claims Act claim does not preclude any action on benefit claims, as those are separate administrative matters adjudicated through the VA benefits system at the appropriate Veterans Benefits Administration Regional Office.

If you are dissatisfied with the decision on the Federal Tort Claims act claim, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@va.gov. To be timely filed, VA must receive this request prior to the expiration of six (6) months from the date of the mailing of this final denial as shown by the date of this letter. Upon filing such a request for reconsideration, VA shall have six (6) months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until six (6) months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within six (6) months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you decide to initiate a suit against the Department of Veterans Affairs or any VA personnel acting within the scope of their authority, please take note that the only proper party defendant is the United States of America (28 U.S.C. Sections 1346(b) and 2671, et seq).

As mentioned earlier, this constitutes the final action of this office on the claim. Your rights to have our decision reviewed are detailed above and we encourage you to carefully review and consider those avenues available to you.

Sincerely,

J. PATRICK WIESE
Regional Counsel

Enclosure

01/28/08 MO 04:29 [TX/RX NO 5745]

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

**1. Submit To Appropriate Federal Agency:**
Department of Veteran Affairs
Office of Regional Counsel
1 Jefferson Barracks Drive
St. Louis MO 63125

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**
Brenda Edlin
P.O Box 2177
Platte City MO 64079

**3. TYPE OF EMPLOYMENT** ☐ MILITARY ☐ CIVILIAN
**4. DATE OF BIRTH:** 10/8/52
**5. MARITAL STATUS:** Widow
**6. DATE AND DAY OF ACCIDENT:** 2003 through 2008
**7. TIME (A.M. OR P.M.):** 24 Hours a day

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

Dr Simiak Hegh
Care Clinic I - Primary
Care physician
Worth VA make patient
look chronically ill.
Manages care since 2003
See SF95 for Dr Hallock & Dr Courtney add Dr Hegh all the same "Team"

Responsible physician regarding Vet. patient misleading medical Bogus heart issues & putting in the hands of KU Residents who tortured him & caused pain & suffering to Veteran

575

**9. PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)(Veteran Sparks) Pathologist
AWE Body is cremated But evidence with Dr Haller

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
gave prescription meds to cause esophgas ulcers & lesions to be discovered in Feb 2006 - gave meds to cause anxiety, panic attacks & flash backs that patient never has before.

**10. PERSONAL INJURY/WRONGFUL DEATH**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
He made patients last months a pure hell instilling fear when patient begged for help he turned his back & ran because he seen what they did to make patient look chronically ill & he wasn't wanted to live.

**11. WITNESSES**

| NAME | ADDRESS (number, street, city, State, and Zip Code) |
|---|---|
| Brenda Edlin | P.O Box 2177 Platte City MO |
| The one Dr Hegh accused of taking patients drugs, how unprofessional can a Dr get. He is pathetic | |

**12. AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Dr license revoked Priceless | 10 million | 10 million | Criminal 20 million /license revoked |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

**13a. SIGNATURE OF CLAIMANT:** Brenda Edlin
**13b. Phone number of signatory:** 816 330-8267
**14. DATE OF CLAIM:** 1-26-08

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
NSN 7540-00-634-4046
Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2